Nash, J.
We concur with his Honor, that this is not like the case, where a surety merely procures the creditor to accept his own note in satisfaction of the note of himself and principal. He cannot, in the latter case, maintain the action for money paid to the use of his principal, until he has paid his own note; because, until then, he has not in fact paid any thing — he is out of pocket nothing. But this is a case widely different. The plaintiff did actually pay off the judgment against himself and the defendant, with his own money, and hot with his credit, before commencing his action. The discounting of his note by the bank was an entirely distinct matter, and the money resulting from it was his own, to every purpose, to, be applied and used by him as he chose. If he had borrowed the money from any other person, *357 and with it paid the judgment, it could not be questioned, but that he might maintain his action against his principal, before discharging his own note. If he had conveyed to the plaintiff in the judgment against him and his principal, property of any kind, as a negro,'horses or bank notes, in discharge of the judgment, and it had been received as such, he might immediately maintain his action for money paid and advanced, Brisendine v. Martin, 1 Ired. 288, because, in either of the cases enumerateci, he would have given that, which was money’s worth — he would have been so much out of pocket. It will be perceived, that, in the case cited, bank notes are enumerated, as being a sufficient payment to sustain the action. In this case bank notes were in fact paid by the plaintiff; and whether he drew out of the bank the proceeds of his note in bank notes, and then paid them into the bank again: or, whether, after checking for them, they-were by his direction transferred to his credit in discharge of the judgment, can manifestly make no kind of difference. The bank notes were his, to appropriate as he pleased, and, by the appropriation made, he was out of pocket to their amount. We perceive no error in the judgment below.
Pee Curiam. Judgment affirmed.